Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Daniel G. Shay, Esq. (SBN: 250548)
danielshay@tcpafdcpa.com
**LAW OFFICE OF DANIEL G. SHAY**
409 Camino Del Rio South, Ste 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292

[Additional Attorneys for Plaintiff on Signature Page]

*Attorneys for Plaintiff,*
*Margaret McKenna*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET MCKENNA,<br><br>                    Plaintiff,<br><br>v.<br><br><br>CAPITAL MANAGEMENT<br>SERVICES, L.P.,<br><br>                    Defendant. | **Case No:**  '17 CV 0305 W   RBB<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **NEGLIGENT VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227 ET SEQ.**<br>2. **KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227**<br>3. **FAIR DEBT COLLECTION PRACTICES ACT, U.S.C. § 1692 ET SEQ.**<br>4. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL CIV. CODE §§ 1788-1788.32; AND**<br>5. **NEGLIGENCE**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.   The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.   The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deception collection practices undermine the public confidence that is essential to the continued function of the banking and credit system and sound extension of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3.   Margaret McKenna, ("Plaintiff"), through Plaintiff's attorneys, brings this action for violations of the FDCPA, Rosenthal Fair Debt Collection Practices Act, and negligence, to challenge the actions of Capital Management Services, L.P. ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4.   Plaintiff also brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of

2

Defendant in negligently or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

5.     The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA."  *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

6.     In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.  TCPA, Pub.L. No. 102–243, § 11.  Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

7.     Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion  of

Complaint for Damages

privacy, regardless of the type of call...." *Id*. at §§ 12-13.  *See also*, *Mims*, 132 S. Ct. at 744.

8.    As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act …  is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

9.    While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

10.   Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

11.   Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

12.   Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

### JURISDICTION AND VENUE

13.   This Court has federal question jurisdiction because this case arises out of violation of federal laws: the FDCPA, 15 U.S.C. §§ 1692 et seq., and the TCPA, 47 U.S.C. § 227 et seq.

14.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. §1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

Complaint for Damages

15.   This action arises out of Defendant's violations of the TCPA, 47 U.S.C. § 227 et seq., the FDCPA, 15 U.S.C. §§ 1692 et seq., the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act"), and state law negligence.

16.   Defendant regularly attempts to collect alleged debts against consumers in San Diego County by making telephone calls to consumers, as Defendant did to Plaintiff.

17.   Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) at all material times hereto, Plaintiff resided in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant, personal jurisdiction is established.

**PARTIES**

18.   Plaintiff is a natural person, as that term is used in 15 U.S.C. § 1692 et seq. and California Civil Code § 1788.2(h), Plaintiff resides in the City of San Diego, County of San Diego, State of California.

19.   Plaintiff is a person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. Plaintiff is a "debtor" as that term is defined by California Civil Code § 1788.2(h) and a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

20.   Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a limited partnership registered in Delaware, with its principal place of business in Delaware.  Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California, in the County of San Diego, within this judicial district.

Complaint for Damages

21.   Defendant uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that phrase is defined by 15 U.S.C. § 1692a(6).

22.   Defendant, in the ordinary course of business, regularly, on behalf of itself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as defined in California Civil Code § 1788.2(c).

23.   Defendant, is and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153 (39) and Cal. Civ. Code § 1788.2(g).  Defendant collects on alleged defaulted debts.

**FACTUAL ALLEGATIONS**

24.   Sometime in or around 2015, Plaintiff allegedly incurred a debt to Citibank, N.A., which then sold, transferred, or assigned the debt to Defendant.

25.   These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code § 1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

26.   On October 25, 2016, the Law Office of Daniel Shay ("Shay") on behalf, and with authorization, of Plaintiff, sent one (1) cease and desist letter to Defendant by facsimile to Defendant's facsimile number ending "6046".

27.   On October 28, 2016, Shay sent one (1) cease and desist letter by U.S. First Class Mail to Defendant's address in Buffalo, New York.

28.   The cease and desist letters informed Defendant of the following:

> Please cease and desist all communications with [Plaintiff]. Please direct all future communications with [Plaintiff] to our attention.

Complaint for Damages

1

2       [Plaintiff] hereby revokes any prior express consent that may
3       have been given to receive telephone calls, especially to
        [Plaintiff's] cellular telephone, from an automated telephone
4       dialing system … as outlined in the Telephone Consumer
        Protection Act, 47 U.S.C. § 227 et seq.
5

6       [Plaintiff] has retained [Shay] to stop creditor harassment and to
7       discharge your claim(s) through bankruptcy.  Whether you are
        an original creditor, or a collector, you must cease and desist all
8       communication with [Plaintiff] ...

9   29.  Nevertheless, Defendant continued to contact Plaintiff.  Despite Shay's faxed
10       and mailed cease and desist letters, on November 4, 2016, Defendant called
11       Plaintiff's cellular telephone and left a message in attempt to collect the alleged
12       debt.

13  30.  On December 11, 2016, Defendant called Plaintiff on her cellular telephone
14       again and left another voice message in attempt to collect the alleged debt.

15  31.  The calls from Defendant came from phone numbers including, but not limited
16       to, 800-457-8104 and 866-204-5907, respectively.

17  32.  Defendant, upon information and belief, used an automatic telephone dialing
18       system ("ATDS") as defined by 47 U.S.C. § 227(a)(1), as prohibited by 47
19       U.S.C. § 227(b)(1)(A).

20  33.  Upon information and belief, Defendant's ATDS has the capacity to store or
21       produce telephone numbers to be called, using a random or sequential number
22       generator.

23  34.  Upon information and belief, Defendant's ATDS also has the capacity to and
24       does, dial telephone numbers stored as a list or in a database without human
25       intervention.

26  35.  The telephone number Defendant called was assigned to a cellular telephone
27       service for which Plaintiff incurs a charge for incoming calls pursuant to 47
28       U.S.C. § 227(b)(1).

7

36. These unwanted telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

37. Plaintiff did not provide express consent to Defendant to receive calls on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

38. Further, Plaintiff specifically revoked any consent (which Defendant may have mistakenly believed existed), when Shay sent the cease and desist letters.

39. Defendant's calls forced Plaintiff to live without the utility of Plaintiff's cell phone by forcing her to silence her cell phone and/or block incoming numbers.

40. Under Cal. Civ. Code § 1788.14(c), debt collectors are not to initiate communications in regard to the consumer debt with a consumer when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt.

41. When individuals seek attorneys to represent them in cases such as these, they trust attorneys to handle their legal matters. When companies, like Defendant, attempt to communicate with an individual who has representation, it interferes with the attorney-client relationship.

42. Plaintiff is informed and believes and here upon alleges, that these calls were made by Defendant or Defendant's agent, with Defendant's permission, knowledge, control and for Defendant's benefit.

43. Where Defendant called Plaintiff after Shay had sent Defendant the cease and desist letters, the natural consequence was harassment and oppression felt by Plaintiff in violation of 15 U.S.C. § 1692d.

44. The calls to Plaintiff from Defendant after the receipt of the cease and desist letters constitute unfair and unconscionable means to collect, or attempt to collect, a debt in violation of 15 U.S.C. § 1692f.

45. The Rosenthal Act "prohibit[s] debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debt." *See* Cal. Civ. Code § 1788.17.

Complaint for Damages

46. By continuing to contact Plaintiff regarding this alleged debt, Defendant violated 15 U.S.C. § 1692b(6) and Cal. Civ. Code § 1788.17 by communicating with Plaintiff directly despite Shay's correspondence notifying Defendant of Shay's representation with respect to the alleged debt.

47. By continuing to contact Plaintiff regarding this alleged debt, Defendant violated 15 U.S.C. § 1692c(a)(1), 1692c(a)(2), 1692c(c), and Cal. Civ. Code § 1788.17 by continuing contacting Plaintiff despite Shay's written cease and desist correspondence.

48. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17 regarding 15 U.S.C. § 1692f by using unfair and unconscionable means in connection with the collection of Plaintiff's debt.

49. By continuing to contact Plaintiff regarding this alleged debt, Defendant violated Cal. Civ. Code § 1788.11(e) by communicating by telephone with a represented Plaintiff, despite Shay's cease and desist letters, with intent to harass Plaintiff in connection with the collection of a debt.

50. By continuing to contact Plaintiff regarding this alleged debt, Defendant violated Cal. Civ. Code § 1788.14(c) by contacting Plaintiff directly despite Shay's correspondence notifying Defendant of Shay's representation of Plaintiff in connection with the collection of a debt.

51. Plaintiff was personally affected because she was frustrated and distressed that despite the cease and desist letters, Defendant continued to harass Plaintiff with calls using an ATDS.

52. Plaintiff was injured because her privacy rights were infringed upon in the form of harassment by Defendant.

///
///
///

9

**FIRST CAUSE OF ACTION**

**NEGLIGENT VIOLATIONS OF THE**

**TELEPHONE CONSUMER PROTECTION ACT (TCPA)**

**47 U.S.C. § 227**

53. Plaintiff repeats, re-alleges, and incorporates by reference, all of the above paragraphs of this Complaint as though fully stated herein.

54. The foregoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. 227 et. seq.

55. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

56. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**

**TELEPHONE CONSUMER PROTECTION ACT (TCPA)**

**47 U.S.C. § 227**

57. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of this Complaint as though fully stated herein.

58. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

59. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

1

2

3

**THIRD CAUSE OF ACTION**

**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

**15 U.S.C. § 1692 ET. SEQ.**

4   60.   Plaintiff repeats, re-alleges, and incorporates by reference, all other   paragraphs

5         of this Complaint as though fully stated herein.

6   61.   The foregoing acts and omissions constitute numerous and multiple violations

7         of the FDCPA, including but not limited to each and every one of the above-

8         cited provisions of the FDCPA, 15 U.S.C. §1692 et seq.

9   62.   As a result of each and every violation of the FDCPA, Plaintiff is entitled to any

10        actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in the

11        amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable

12        attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

13

14

15

**FOURTH CAUSE OF ACTION**

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)**

**CAL. CIV. CODE §§ 1788-1788.32**

16  63.   Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

17  64.   The foregoing acts and omissions constitute numerous and multiple violations

18        of the Rosenthal Act, including but not limited to each and every one of the

19        above-cited provisions of the Rosenthal Act, Cal. Civ. Code § 1788-1788.32.

20  65.   As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled

21        to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory

22        damages for a knowing or willful violation in the amount up to $1,000 pursuant

23        to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs

24        pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

25

26

**FIFTH CAUSE OF ACTION**

**NEGLIGENCE**

27  66.   Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

28

11

67. Defendant owed a duty of care to Plaintiff to reasonably protect Plaintiff's privacy rights, and to avoid harassing Plaintiff by contacting her after receiving Shay's cease and desist letters.

68. Defendant negligently failed to take affirmative steps to prevent continuous contact upon receiving Shay's cease and desist letters.

69. Defendant's conduct proximately caused injuries to Plaintiff.

70. Due to Defendant's conduct as set forth herein, Plaintiff is entitled to actual damages in an amount to be established at trial.

71. Plaintiff believes and alleges that Defendant's conduct of making unauthorized telephone calls to Plaintiff following Shay's cease and desist letters constituted oppressive, malicious, despicable, gross and wantonly negligent behavior, which demonstrates Defendant's conscious disregard for the rights of Plaintiff. As such, Plaintiff is entitled to recover punitive damages from Defendant in an amount according to proof at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
- Pursuant to 47 U.S.C § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);
- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

Complaint for Damages

1    • An award of actual damages pursuant to California Civil Code § 1788.30(a);

2    • An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §
3    1788.30(b).

4    • An award of costs of litigation and reasonable attorney's fees, pursuant to Cal.
5    Civ. Code § 1788.30(c);

6    • An award of actual damages in an amount to be proven at trial;

7    • As a result of Defendant's negligence, Plaintiff is entitled to money damages in
8    an amount to be proven at trial;

9    • An award of punitive damages, in an amount to be adduced at trial, from
10   Defendant; and

11   • Any and all other relief that the Court deems just and proper.

12                                  **TRIAL BY JURY**

13   68.    Pursuant to the seventh amendment to the Constitution of the United States   of
14   America, Plaintiff is entitled to, and demands, a trial by jury.

15

16                                              Respectfully submitted,

17                                              **HYDE & SWIGART**

18   Date:  February 15, 2017            By:  s/Joshua Swigart
19                                              Joshua B. Swigart, Esq.
20                                              josh@westcoastlitigation.com
                                                *Attorney for Plaintiff*
21

22   Additional Attorney for Plaintiff:

23   Abbas Kazerounian, Esq. (SBN: 249203)
24   ak@kazlg.com
     **KAZEROUNI LAW GROUP, APC**
25   245 Fischer Avenue
26   Costa Mesa, CA 92626
     Telephone: (800) 400-6808
27   Facsimile: (800) 520-5523

28

                                  13